IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Randy Antonio Wiley, #244942, *a/k/a Randy Antionio Wiley #1360*, <br><br>                                    Plaintiff, <br><br> v. <br><br> Angela Garces, Dental Assistant; South Carolina Department of Corrections, <br><br>                                    Defendants. | C/A No. 4:22-cv-2343-SAL <br><br><br><br><br> **ORDER** |

This matter is before the court for review of the Report and Recommendation of United States Magistrate Judge Thomas E. Rogers, III, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.) (the "Report"). [ECF No. 30.] In the Report, the magistrate judge recommends summarily dismissing Defendant South Carolina Department of Corrections ("SCDC") because SCDC is not a person for purposes of liability under 42 U.S.C. § 1983. *Id.* at 4–5. Included with the Report was a notice advising Plaintiff of the procedures and requirements for filing objections to the Report. *Id.* at 6. On February 13, 2023, Plaintiff filed objections. [ECF No. 58.] This matter is ripe for review.

**BACKGROUND AND PROCEDURAL HISTORY**

The Report sets forth in detail the relevant facts and standards of law. [ECF No. 30 at 1–5.] This court incorporates those facts and standards in this order. To summarize, Plaintiff brought this action against Defendants for inadequate dental care he alleges he received while incarcerated with SCDC. [ECF No. 15 at 2–8.] The magistrate judge recommends this court summarily dismiss Defendant SCDC because it is not a proper defendant under § 1983. As explained in the Report,

1

> Section 1983 makes "persons" acting under the color of law liable for Constitutional deprivations. "Persons" includes local governments whose officials commit constitutional torts "according to municipal policy, practice, or custom." *Weiner v. San Diego Cnty.*, 210 F.3d 1025, 1028 (9th Cir. 2000). "Persons" does not include "the State and arms of the State," which receive sovereign immunity from the Eleventh Amendment. *Howlett v. Rose*, 496 U.S. 356, 365 (1990).

[ECF No. 30 at 4.] SCDC is not a "person" under § 1983 and, thus, not amenable to suit under that statute.

Plaintiff has filed objections to the Report. [ECF No. 58.]

### REVIEW OF A MAGISTRATE JUDGE'S REPORT

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a *de novo* determination of only those portions of the Report that have been *specifically* objected to, and the court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). In the absence of objections, the court is not required to provide an explanation for adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citation omitted). Thus, "[i]n the absence of *specific* objections . . . this court is not required to give any explanation for adopting the recommendation." *Field v. McMaster*, 663 F. Supp. 2d 449, 451–52 (D.S.C. 2009).

**DISCUSSION**

Plaintiff's objections do not address the issue at the heart of the Report—that is, they do not address whether SCDC is a proper defendant in this case. Instead, Plaintiff provides a general discussion about Eighth Amendment law, and he recites his claims against the other defendant, Angela Garces. [ECF No. 58 at 1–4.] As the docket shows, however, Plaintiff is proceeding with his claims against Defendant Garces.

Plaintiff offers that he has objections to the summary dismissal, *id.* at 1, but the objections themselves do not set forth with sufficient specificity what errors, if any, Plaintiff identifies in the Report. *See Elijah v. Dunbar*, -- F.4th --, 2023 WL 3028346, at *3 (4th Cir. 2023) ("'Just as a complaint stating only "I complain" states no claim, an objection stating only "I object" preserves no issue for review.'" (quoting *Lockert v. Faulkner*, 843 F.2d 1015, 1019 (7th Cir. 1988))). The remainder of Plaintiff's discussion does not address why SCDC should not be summarily dismissed. Furthermore, having reviewed the Report and the relevant documents in this case, the court agrees with the magistrate judge that SCDC should be summarily dismissed as it is not a "person" under § 1983. Accordingly, Plaintiff's objections are overruled. The court fully adopts the magistrate judge's Report.

Of note, at the conclusion of his objections, Plaintiff requests to see "proof of Angela Garces stuff" and also asks for a mediator. [ECF No. 58 at 4.] The court declines to rule on such requests as this matter is currently referred to the magistrate judge and are appropriate for his consideration.

**CONCLUSION**

For the reasons set forth above, the Report [ECF No. 30] is adopted in its entirety and incorporated herein. As a result, Defendant SCDC is summarily **DISMISSED** with prejudice and

without issuance and service of process. This matter continues to be referred to the magistrate judge for pretrial matters.

      **IT IS SO ORDERED**.

|  |  |
|---|---|
|  | s/Sherri A. Lydon |
| May 10, 2023 | The Honorable Sherri A. Lydon |
| Columbia, South Carolina | United States District Court Judge |